**ATLANTA FEDERAL AND CITY SERVICE EMPLOYEES LOCAL UNION 554, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, Johnson Walker, and Eugene White, Plaintiffs-Appellants,**

v.

**SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, et al., Defendants-Appellees.**

No. 30546

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 10, 1971.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for plaintiffs-appellants.

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Albert M. Horn, Atlanta, Ga., Benensen & Israelson, New York City, for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ Appellants, Local Union 554, its president, Johnson Walker, and its financial secretary, Eugene White, appeal from an order of the district court denying their motion for a preliminary injunction. Suit was brought in the court below under § 304 of the Labor-Management Reporting and Disclosure Act of 1959, Title 29, U.S.C., Section 464, seeking dissolution of a trusteeship, the imposition of which resulted in appellant Johnson's removal from office. The trusteeship was imposed on the local by the international union, a defendant-appellee. Following the perfection of this appeal and the submission of briefs, this Court was informed by counsel for appellees that the trusteeship complained of had been dissolved and a new election of officers held. Because we deem the latter developments insufficient to moot the appeal,[1] we have proceeded to consider the merits and affirm.

Under Title 29, U.S.C., § 464(c), there is a presumption of validity of the trusteeship here involved for a period of 18 months and it is not subject to attack during that period except upon clear and convincing proof that it was not established or maintained in good faith for a purpose allowable under § 462.

■ Within thirty days after imposition of the trusteeship, hearings were held by Eugene Moats, a hearing examiner appointed by the International Union. He concluded the trusteeship was proper. The district court held two hearings on appellant's motion for preliminary injunction. It derived its facts from testimony presented and from a transcript of the hearings held before Mr. Moats which was made a part of the

record by stipulation of the parties. We have reviewed the record and find that error is not demonstrated in the district court's finding that appellants failed to meet the burden of clear and convincing proof that the trusteeship was not established and was not being maintained in good faith. Rule 52(a), F.R.Civ.P.

Affirmed.

---

1. This conclusion would be obvious if either Walker, White or both were not re-elected. However, even if both were re-elected the question of attorney's fees, prayed for in appellant's complaint, would remain.